**EXHIBIT A**



Civil Court Case Information - Case History

### Case Information

Case Number: CV2017-053077　　Judge: Hannah, John
File Date: 4/12/2017　　Location: Northeast
Case Type: Civil

### Party Information

| Party Name | Relationship | Sex | Attorney |
|---|---|---|---|
| Sandra Zinn | Plaintiff | Female | Pro Per |
| City Of Scottsdale | Defendant | | Pro Per |
| Scottsdale Police Department | Defendant | | Pro Per |
| Maricopa County Sheriffs Department | Defendant | | Pro Per |

### Case Documents

| Filing Date | Description | Docket Date | Filing Party |
|---|---|---|---|
| 4/12/2017 | COM - Complaint | 4/13/2017 | Plaintiff(1) |
| 4/12/2017 | CCN - Cert Arbitration - Not Subject | 4/13/2017 | Plaintiff(1) |
| 4/12/2017 | CSH - Coversheet | 4/13/2017 | Plaintiff(1) |

### Case Calendar

There are no calendar events on file

### Judgments

There are no Judgments on file

OFFICE OF THE
CITY CLERK

ORIGINAL    2017 MAY 23  PM 12:36

Person Filing: Sandra Zinn
Address (if not protected): 8262 E. Vista De Valle
City, State, Zip Code: Scottsdale, AZ 85255
Telephone: (602)318-8080
Email Address: sandrazinn1998@yahoo.com
Lawyer's Bar Number: N/A

Representing ☒ Self, without a Lawyer  or  ☐ Attorney for  ☐ Petitioner  OR  ☐ Respondent

## SUPERIOR COURT OF ARIZONA
## IN MARICOPA COUNTY

Sandra Zinn
Name of Petitioner

Case No.: CV2017-053077

And

City of Scottsdale; Scottsdale Police Department; Maricopa County Sheriff's Department
Name of Respondent

**SUMMONS**

If you would like legal advice from a lawyer, contact the Lawyer Referral Service at 602-257-4434
or
www.maricopalawyers.org
Sponsored by the
Maricopa County Bar Association

WARNING: This is an official document from the court that affects your rights. Read this carefully. If you do not understand it, contact a lawyer for help.

FROM THE STATE OF ARIZONA TO: City of Scottsdale; Scottsdale Police Department; Maricopa County Sheriff's Department
Name of Respondent

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers are served on you with this "Summons".

2. If you do not want a judgment or order taken against you without your input, you must file an "Answer" or a "Response" in writing with the court, and pay the filing fee. If you do not file an "Answer" or "Response" the other party may be given the relief requested in his/her Petition or Complaint. To file your "Answer" or "Response" take, or send, the "Answer" or "Response" to the:

    • Office of the Clerk of the Superior Court, 201 West Jefferson Street, Phoenix, Arizona 85003-2205 OR
    • Office of the Clerk of the Superior Court, 18380 North 40th Street, Phoenix, Arizona 85032 OR
    • Office of the Clerk of Superior Court, 222 East Javelina Avenue, Mesa, Arizona 85210-6201 OR
    • Office of the Clerk of Superior Court, 14264 West Tierra Buena Lane, Surprise, Arizona, 85374.

Mail a copy of your "Response" or "Answer" to the other party at the address listed on the top of this Summons.

©Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED

Page 1 of 2

CV11f-090413

Case Number: _____

3. If this "Summons" and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your "Response" or "Answer" must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served. If this "Summons" and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4. You can get a copy of the court papers filed in this case from the Petitioner at the address listed at the top of the preceding page, from the Clerk of the Superior Court's Customer Service Center at:

   - 601 West Jackson, Phoenix, Arizona 85003
   - 18380 North 40th Street, Phoenix, Arizona 85032
   - 222 East Javelina Avenue, Mesa, Arizona 85210
   - 14264 West Tierra Buena Lane, Surprise, Arizona, 85374.

5. Requests for reasonable accommodation for persons with disabilities must be made to the office of the judge or commissioner assigned to the case, at least ten (10) judicial days before your scheduled court date.

6. Requests for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case at least ten (10) judicial days in advance of your scheduled court date.

SIGNED AND SEALED this date APR 1 2 2017      MICHAEL K. JEANES, CLERK

MICHAEL JEANES, CLERK OF COURT

By _____
Deputy Clerk

K. Masawiestewa
Deputy Clerk



©Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED

Page 2 of 2

CV11f-090413

Sandra Zinn
8262 E. Vista De valle
Scottsdale, AZ 85255
Tel: (602)318-8080

*In Pro Se*

COPY
APR 1 2 2017
MICHAEL K. JEANES, CLERK
K. MASAWIESTENA
DEPUTY CLERK

ARIZONA SUPERIOR COURT

COUNTY OF MARICOPA

CV2017-053077

| | |
|---|---|
| SANDRA ZINN, | CASE NO. |
| Plaintiff, | CIVIL COMPLAINT FOR FALSE ARREST; EXCESSIVE FORCE; ASSAULT AND BATTERY; NEGLIGENCE; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; ABUSE OF PROCESS; DEFAMATION; FALSE LIGHT |
| v. | |
| CITY OF SCOTTSDALE; SCOTTSDALE POLICE DEPARTMENT; MARICOPA COUNTY SHERIFF'S DEPARTMENT; DOES 1 - 20, | |
| Defendants. | Jury Trial Demanded |

Plaintiff allege the following facts:

1. Plaintiff SANDRA ZINN (hereafter "ZINN") is, and at relevant times herein mentioned was, an individual who resides principally in Orange County, California, and who maintains a residence in Scottsdale, Maricopa County, in the State of Arizona.

2. Defendant CITY OF SCOTTSDALE (hereafter, "SCOTTSDALE") is, and at all relevant times herein mentioned was, a city or municipality in the County of Maricopa, in the State of Arizona.

3. Defendant SCOTTSDALE POLICE DEPARTMENT (hereafter "SPD") is a government law enforcement entity that plaintiff believes is affiliated with SCOTTSDALE

-1-

COMPLAINT

1. and located in the County of Maricopa, in the State of Arizona.

2. 4. Defendant MARICOPA COUNTY (hereafter "MARICOPA") is, and at all relevant times mentioned herein was, a county and government entity in the State of Arizona.

5. At certain relevant times herein mentioned, each of the defendants named above served as the agent, servant, representative and/or employee of each of the other defendants, and certain of the acts alleged to have been done by said defendants were done in the capacity of and as agent for each of the other defendants.

6. Maricopa County Superior Court has the legal authority to hear and decide this case because the value of the case exceeds $10,000, the defendants reside in Maricopa County, and the events or actions that are the subject of this Complaint occurred in Maricopa County.

## FACTUAL SUMMARY

7. Plaintiff realleges and incorporates by reference, as though fully set forth, the allegations contained in paragraphs 1 through 5 of the Complaint.

8. On or about April 12, 2016, defendants, primarily through the SPD, sent a team of police officers, many outfitted in full tactical gear and armaments, to plaintiff's home inside a gated community in Scottsdale. Plaintiff was not initially aware of the presence of that team of officers, or of any warrant, court order, or other ostensible or colorable legal basis for any entry by them on to the premises of her home, or for any arrest, apprehension, or detention of plaintiff, or for her adult son, Nicholas Krakana ("Krakana") who was staying there with her at the time, enjoying dinner with his young children, who are plaintiff's grandchildren.

9. Without any prior warning, that team of heavily armed police officers battered down plaintiff's front door to her home, and then forcefully entered and wrestled down plaintiff and her son and handcuffed them both. In the process of subduing plaintiff, a 67 year old woman who offered no resistance, the officers slammed plaintiff's head against the

-2-

1 surface of the floor. The police officers, who later were identified as members of defendant
2 SPD, then arrested plaintiff, and transported her to and detained her in a jail facility, where
3 they caused her further injury and violation of her Constitutional, common law and statutory
4 rights.

5     10. The acts of defendants herein alleged were done under color of state law, and
6 deprived plaintiff of rights secured by the Constitution or federal statutes, in addition to any
7 applicable state statutes.

8     11. Plaintiff has satisfied and complied with any requirement(s) to provide notice of
9 her claims alleged in the Complaint to defendants, and did so within the periods proscribed
10 or required by law.

## FIRST CAUSE OF ACTION
### (False Arrest / Imprisonment)

12. Plaintiff realleges and incorporates by reference, as though fully set forth, the allegations contained in paragraphs 1 through 11 of the Complaint.

13. Plaintiff was wrongfully arrested, detained, and confined, without a warrant or probable cause, and in violation of plaintiff's rights of due process, and other rights protected by the Constitution, including plaintiff's Fourth Amendment rights and applicable statutes.

14. As a direct and proximate result of the above unlawful conduct, plaintiff suffered harm and damages, including, without limitation, physical injury, damage to property, financial loss and severe emotional distress, in an amount to be proved at trial, and above the jurisdictional amount required by this Court.

15. The actions of defendants alleged above were malicious, oppressive, and fraudulent, and plaintiff is therefore entitled to an award of punitive damages.

## SECOND CAUSE OF ACTION
### (Excessive Force)

16. Plaintiff realleges and incorporates by reference, as though fully set forth, the allegations contained in paragraphs 1 through 15 of the Complaint.

-3-

COMPLAINT

17. Defendants herein used force in arresting and detaining plaintiff. The force used by defendants was excessive, and in violation of applicable laws, regulations, and standards of care.

18. At the time that defendants used excessive force as alleged above, defendants were acting or purporting to act in the performance of their official duties.

19. As a direct and proximate result of defendants' use of excessive force against plaintiff, plaintiff has suffered harm and damages, including, without limitation, physical injury, damage to property and severe emotional distress, in an amount to be proved at trial and above the jurisdictional amount required by this Court, and defendants' use of excessive force was a substantial factor in causing such harm.

20. The actions of defendants herein were malicious, wanton, and oppressive, and plaintiff is therefore entitled to an award of punitive damages.

### THIRD CAUSE OF ACTION
### (Assault And Battery)

21. Plaintiff realleges and incorporates by reference, as though fully set forth, the allegations contained in paragraphs 1 through 20 of the Complaint.

22. By their actions alleged above, defendants intentionally engaged in or caused nonconsensual and harmful or offensive contact against or with plaintiff, and put her in apprehension of personal harm.

23. As a direct and proximate result of the above-alleged wrongful acts, plaintiff has suffered harm and damages, including physical injury and severe emotional distress, in an amount to be proved at trial.

24. The actions of defendants herein were willful, malicious, wanton and oppressive, and plaintiff is thereby entitled to an award of punitive damages.

### FOURTH CAUSE OF ACTION
### (Negligence)

25. Plaintiff realleges and incorporates by reference, as though fully set forth, the allegations contained in paragraphs 1 through 24 of the Complaint.

-4-

COMPLAINT

26. At relevant times herein, defendants owed plaintiff a duty of reasonable care, including a duty to exercise their authority as law enforcement officers under the standards of care, professionalism, and compliance with applicable statutes and Constitutional provisions governing members of their occupation and profession.

27. Defendants have breached their duty of care to plaintiff, by their wrongful acts alleged herein.

28. As a direct and proximate result of defendants' negligence, defendants have caused substantial harm and damage to plaintiff, including physical injury, damage to property, and severe emotional distress, in an amount to be proved at trial.

### FIFTH CAUSE OF ACTION
(Abuse Of Process)

29. Plaintiff realleges and incorporates by reference, as though fully set forth, the allegations contained in paragraphs 1 through 28 of the Complaint.

30. Plaintiff is informed and believes, and thereon alleges, that defendants engaged in willful acts against plaintiff under color of law, for improper purposes, including the wrongful, unprivileged and unlawful entry into plaintiff's home, and the arrest, detention and confinement of plaintiff, which constituted abuse of legal process.

31. As a direct and proximate result of defendants' wrongful acts, plaintiff has suffered harm and damages, including physical injuries, property damage, and severe emotional distress, in an amount to be proved at trial.

32. The foregoing acts were willful, malicious, wanton and oppressive, and plaintiff is therefore entitled to an award of punitive damages.

### SIXTH CAUSE OF ACTION
(Defamation)

33. Plaintiff realleges and incorporates by reference, as though fully set forth, the allegations contained in paragraphs 1 through 32 of the Complaint.

34. Plaintiff is informed and believes, and thereon alleges, that defendants have published false and unprivileged statements, in oral and written form, of alleged fact

-5-

regarding plaintiff, to various persons, including members of the public. Plaintiff is informed and believes and thereon alleges that these publications falsely stated or implied that plaintiff had engaged in various acts that constituted criminal conduct and/or violations of law and illegal or immoral behavior.

35. These false and unprivileged statements regarding plaintiff were of such a nature that they naturally would, and did, injury plaintiff in her reputation.

36. As a direct and proximate result of defendants' wrongful, false and defamatory statements and their publication to other persons, as alleged above, plaintiff has suffered damages, including severe emotional distress, and injury to her professional reputation, all in an amount to be proved at trial.

37. Plaintiff is informed and believes, and thereon alleges, that the defamatory statements were made with malice and oppression against plaintiff, and were intended to vex, annoy or injure plaintiff, based on ill will toward plaintiff by defendants, and that plaintiff is therefore entitled to an award of punitive damages.

## SEVENTH CAUSE OF ACTION
### (False Light)

38. Plaintiff realleges and incorporates by reference as though fully set forth, the allegations contained in paragraphs 1 through 36 of the Complaint.

39. Defendants made publications and communications to the public that contained unfair or inaccurate depictions of plaintiff and/or of actions or omissions attributed to plaintiff, that placed plaintiff in a false light that was highly offensive to a reasonable person.

40. As a direct and proximate result of defendants' wrongful actions as alleged above, plaintiff has suffered harm and damages, including severe emotional distress and damage to her reputation, in an amount to be determined at trial.

41. Plaintiff is informed and believes, and thereon alleges, that the actions of defendants were willful, malicious, wanton and oppressive, and plaintiff is therefore entitled to an award of punitive damages.

COMPLAINT

## EIGHTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)

42. Plaintiff realleges and incorporates by reference, as though fully set forth, the allegations contained in paragraphs 1 through 41 of the Complaint.

43. Plaintiff is informed and believes, and thereon alleges, that by their actions alleged herein, defendants engaged in outrageous conduct with the intent to cause, or with reckless disregard of the probability of causing, emotional distress to plaintiff.

44. As a direct and proximate result of defendants' actions alleged herein, plaintiff has suffered damages, including physical injury, financial harm, and severe emotional distress, in an amount to be proved at trial and above the jurisdictional amount required by this Court.

45. The actions of defendants alleged above were malicious, oppressive, wanton and fraudulent, and plaintiff is therefore entitled to an award of punitive damages.

WHEREFORE, plaintiffs request a jury trial, and prays for relief as follows:

1. For general and compensatory damages in an amount to be proved at trial, but not less than $1,000,000;
2. For consequential and special damages, in an amount to be proved at trial;
3. For damages for severe emotional distress;
4. For damages to reputation;
5. For punitive damages;
6. For attorney's fees and costs of suit; and
7. For such other and further relief as the Court may deem just and proper.

Dated: April 11, 2017

By: _/s/ Sandra Zinn_
Sandra Zinn
*In Pro Se*

-7-

Person Filing: Sandra Zinn
Address (If not protected): 8262 E. Vista De Valle
City, State, Zip Code: Scottsdale, AZ 85255
Telephone: (602)318-8080
Email Address: sandrazinn1998@yahoo.com
Lawyer's Bar Number: N/A

Representing ☒ Self, without a Lawyer or ☐ Attorney for ☐ Petitioner OR ☐ Respondent

**COPY**
APR 1 2 2017
FOR CLERK'S USE ONLY
MICHAEL K. JEANES, CLERK
K. MASAWIESTEWA
DEPUTY CLERK

# SUPERIOR COURT OF ARIZONA
# IN MARICOPA COUNTY

Sandra Zinn

PLAINTIFF

vs.

City of Scottsdale; Scottsdale Police Department;

Maricopa County Sheriff's Department

DEFENDANT

Case Number: **CV2017-053077**

## CERTIFICATE OF COMPULSORY ARBITRATION

The undersigned certifies that the largest award sought by the complainant, including punitive damages, but excluding interest, attorneys' fees, and costs (does) / does not exceed limits set by Local Rule for compulsory arbitration. This case is / (is not) subject to compulsory arbitration as provided in Rules 72 through 77 of the Rules of Civil Procedure.

SUBMITTED this 11th day of April, 2017

BY _Sandra Zinn_